MICHAEL DONAHOE
Senior Litigator
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 300
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH DAVID ROBERTSON,<br><br>Defendant. | CR 15-07-H-SEH<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS/CLARIFY INDICTMENT** |

## I. INTRODUCTION

Defendant has filed a motion to dismiss/clarify the Indictment (Doc. #16). This brief supports that motion.

## II. ARGUMENTS

The arguments herein below and marked (A) - (D) correspond to Grounds (A) - (D) set forth in defendant's motion (Doc. #16).

**(A)  *Venue/Jurisdiction***

This case started out in State court over one year ago. As noted in defendant's motion Deputy County Attorney Steve Haddon brought a case against defendant for creating ponds and causing damage on April 1, 2014. Under 33 U.S.C. §1370 the State of Montana had a right to bring that case and once it was brought a duty to prosecute it diligently. For unexpressed reasons the State case was dismissed one year later but without prejudice. This Court should hold a hearing to determine why the State dropped its prosecution.

Generally speaking successive State-Federal prosecutions do not offend the double jeopardy clause. *United States v. Lanza*, 260 U.S. 377, 382 (1922). There is an exception however. In *Bartkus v. Illinois*, 359 U.S. 121 (1959) the Court said if the State prosecution was merely a tool of the federal authorities there could be a double jeopardy problem. The Ninth Circuit refers to this as the *Bartkus* exception and it is the controlling law of the circuit. *See United States v. Zone*, 403 F.3d 1101, 1104-1105 (9th Cir. 2005). To prove the exception the defendant must show that State officials had little or no independent volition in the State proceeding. *Id*. at page 1105, *citing United States v. Liddy*, 542 F.2d 76, 79 (D.C. Cir. 1976). Under 33 U.S.C. §1370 the State of Montana had a right to pursue its criminal case for defendant's alleged creation of the ponds and the dangers caused thereby. It vindicated

that right by bringing a criminal case but over a year later the State dismissed its case without giving any reason and 41 days later the Indictment which is the basis for this federal prosecution was filed.

Defendant had been granted permission to build ponds by Ron Spoon, a biologist with Montana's Fish, Wildlife and Parks. Thus defendant was prepared to argue in State court that his actions in building the ponds was lawful. Defendant argues like the defendant did in the *Zone* case that the original State prosecution brought against him was so throughly dominated by the federal authorities that the State prosecutors exercised no independent volition in deciding to dismiss the State case. The State prosecution was a sham and a cover for this subsequent federal prosecution. *Zone, supra*, 403 F.3d at 1105.

**(B)** *Pre-Indictment Delay*

This claim is similar to claim (A) above except here defendant argues that the federal sovereign at first acquiesced or supported the State prosecution but later withdrew that support in favor of this federal prosecution in to secure a tactical advantage. *United States v. Marion*, 404 U.S. 307 (1971); *United States v. Lovasco*, 431 U.S. 783 (1977).

First, dismissing the State case before it was completed, although it had been pending for a whole year, was designed to avoid a dismissal on the merits favorable

to the defendant. Second, dismissing the State case afer it had been pending for a year removed the possibility the case would be dismissed on Speedy Trial grounds. Given these favorable tactical incentives the Court should hold a hearing to determine why the State just up and dismissed its case and furthermore why defendant was not given an adequate opportunity to oppose the "without prejudice" nature of that dismissal. Where, as here, the federal investigators were the spearhead for the investigation and where, as here, the federal investigators knew about the alleged federal Clean Water Act violations by February of 2014 there was really no reason to bring a State prosecution in the first place let alone bring one and dismiss it after a whole year had passed. Thus the court should hold a hearing to determine why the Sate case was brought, and more important, why it languished for a year only to be precipitously dismissed.[1]

**(C)** *Denial of Speedy Trial*

Defendant had a right to a Speedy Trial under the Sixth Amendment to the United States Constitution in the State case. *Barker v. Wingo*, 407 U.S. 514 (1972). And the federal sovereign is barred under the United States Constitution from impermissibly acting by collusion to deny defendant that right. *United States v.*

---

[1]Defendant's court appointed lawyer in the State case (Brad Custer) refused to communicate with him so defendant does not know of his own knowledge why the State case was dismissed against him.

*Alvarez-Sanchez*, 511 U.S. 350, 359-360 (1994), *citing Anderson v. United States,* 318 U.S. 350 (1943) (confession inadmissible as improperly secured product of impermissible working relationship between State and Federal officers). Defendant's State case had been pending for a year and its abrupt dismissal avoided any speedy trial inquiry, which could have negatively impacted the ensuing federal prosecution. Hence defendant argues that in the end the federal prosecution was a sham and cover for the speedy trial problems in the State case.

**(D)** *The Charges in the Indictment Lack Specificity*

Under Rule 7(c) Fed. R. Crim. P. Defendant has a right to know the facts constituting offense charged. Likewise defendant has a right to notice of the charge under the due process clause. From the Indictment defendant cannot figure out what the government is alleging factually.

In the general allegations of the Indictment at pages 2 through 4 two different parcels of land are mentioned. First the "White Pine Lode" (Indictment at page 2) and then the Manhattan Lode mining claim. There are ponds on both properties but they were constructed at different times. This matters because if the government is alleging that the ponds on the White Pine Lode are the point source of the alleged pollution the digging of those ponds occurred more than five years ago and therefore outside the statute of limitations. 18 U.S.C. §3282.

Thus the government should be ordered to clarify what it is alleging. If the White Pine Lode is the point source of the alleged pollution flowing through Manhattan Lode claim the government's allegations are beyond the statute of limitations of five years.

## V. CONCLUSION

WHEREFORE the Indictment should be dismissed.

RESPECTFULLY SUBMITTED June 29, 2015.

                                            /s/ Michael Donahoe
                                            MICHAEL DONAHOE
                                            Senior Litigator
                                            Counsel for Defendant

## V. CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words:1,042 excluding tables and certificates).

DATED June 29, 2015.

>                    By: /s/ Michael Donahoe
>                        Michael Donahoe
>                        Federal Defenders of Montana
>                        Counsel for Defendant

# VI. CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on June 29, 2015, a copy of the foregoing document was served on the following persons by the following means:

__1__  CM-ECF

_____ Hand Delivery

_____  Mail

1.  CLERK, UNITED STATES DISTRICT COURT

1.  Bryan R. Whittaker
   Assistant U.S. Attorney
   901 Front Street, Suite 1100
   Helena, MT 59626
    Counsel for the United States of America

       /s/ Michael Donahoe
       FEDERAL DEFENDERS OF MONTANA