Response to Officers Jackie Fisher's and John Janik's Citations number FakP0000-00005 dated August 31, 2011. We received these citation from Officer Jackie Fisher on February 22, 2012.

We are requesting these repeated citations be dismissed with prejudice. I was already tried and convicted in absentia in Judge Strong's Court in Great Falls, MT of the horses, and the scrap iron on our Mohawk mining claim. My attorney failed to appear and my wife and I was unaware of this because we were on structure protection on a fire in Wolf Creek. We have a type 2 tactical watertender contracted to the Forest Service and DNRC. . A few years later the barn and the other citations was dismissed by Vince Carroll, U. S. prosecuting attorney. According to Montana Constitution Article II, Section 25. **Self-incrimination and double jeopardy.** No person shall be compelled to testify against himself in a criminal proceeding. **Please see Exhibit A.** No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction. In reissuing these citations they are in violation of the above-mentioned law. Also Discriminatory and Selective prosecution. Please see **Exhibit B.**

I am unable to attend the May 14, 2012 trial scheduled in Butte, MT. I am scheduled for a 5 week trauma recovery inpatient program at Fort Harrison, MT. It starts on May 8, 2012 and will end on June 15, 2012. I am a disable combat veteran. Please see copy enclosed. If we cannot settle this before May 14, 2012 we are requesting a continuance until sometime after June 15, 2012. Hopefully Your Honor can settle these issues before I go into treatment. We received a call from Jamie Williams, Forest Service Law Enforcement to settle several weeks ago.



GOVERNMENT EXHIBIT A
CR 15-07-H-DWM

1

USAO-000353

In Ms. Fisher's latest letter she mentioned there were attempts to contact us by phone and mail. We have trouble giving this statement any credibility we have two cellphones, a satellite phone, a website, and email. Anything we receive from the Forest Service, BLM, or DNRC we respond to immediately. As mentioned above we have a type2 tactical watertender that is contracted to Forest Service and DNRC. We certainly would not do anything to jeopardize our relationship with Forest Service or DNRC. We have lived in our home above area of citations for more than 20 years. Note! Ms. Fisher was arrested in Butte, on February 9, 2012 for DUI, she refused the breathalyzer test. She hit a couple and they had to be taken to Saint James Hospital. Why is she still working and not off on Administrative Leave? This may explain her erratic vindictive behavior.

1. Violation number FAKP0000: constructing, placing, or maintaining, any kind of structure on NFSL or facilities without special use authorization, contract, or approved mining plan. We submitted a mining plan for 2010-2011. As far as we are concerned it has been approved because we have not heard otherwise from Forest Service or BLM. If this doesn't rectify the situation please let us know where we can acquire the special use authorization forms. We were under the impression that our mining plan we submit to BLM and Forest Service was sufficient special use authorization. In the 50+ year I have been mining I was not aware of another form. We use the barn to store our jacklegs, steel, and other mining equipment. This is not a permanent structure it has a log base/foundation. We are attempting to move our barn/mine storage building 20' to the North onto our patented property. We are

USAO-000354

attempting to drain the area to the North. Please see enclosed pictures. **Please see Exhibit C.**

2. Violation number FAKP0001: constructing, placing and maintaining any kind of fence, enclosure, or improvement on NSL or facilities without special use authorization, contact, or approved mining plan. As far as we are concerned it has been approved because we have not heard otherwise from Forest Service. If this doesn't rectify the situation please let us know where we can acquire the special use authorization forms. We did relocate the fence after Officer Janik told us to. We did not know the exact location of the boundary line. We are a few feet off. After the survey by the very professional Janet Kempff, Forest Service surveyor, she has marked the boundary lines and we will be moving the fence to this marked sideline. The reason we haven't moved the fence is we are thinning the many acres of beetle kill on our property. We are using the beetle kill trees to build cabins for our Helena Veterans Support Unit and Helena Vet Center. Please see website www.helenavetcenter.com.

3. Violation number FAKPooo2: placing, allowing, unauthorized livestock to enter or to be in the National Forest System or other lands under forest service control: We do our best to keep our livestock fenced in but deer, elk, moose, and trees blow down and knock down our fence and they do occasionally get out. We use the horses to skid mine timber. We have installed a temporary electric fence/white ribbon. Please

USAO-000355

see picture enclosed. **Please see Exhibit D.** We have researched Montana Code Annotated and found that Montana has a free range law. **Please see Exhibit E**

4. Violation number FAKP0003: possessing or leaving refuse, debris, or litter in an exposed or unsanitary condition. We do not know what Ms. Fisher is referring to. Need clarification. We are assuming she is referring to the sawmill, and miscellaneous mining equipment, air tanks, mine rail, channel and angel iron, pipe and rebar. This is referred to in mining terms as a boneyard. This is located on our Mohawk mining claim that we have been mining for decades. As mentioned above as far as we know we have a valid mining plan in place/approved on our Mohawk mining claim. Note! The Mohawk is located between 2 of our patented properties.

5. Violation number FAKP0004: use or occupancy of NFSL or facilities without special use authorization. As mentioned above we understood that an approved mining plan for our mining claim is special use authorization. If not please let us know where we can acquire the special use authorization forms. Officer Fisher maybe referring to a culvert under the road to our property that has been in place for many decades. We have improved this crossing many times over the years and also plowed snow and graded surface. This access is also used by our neighbors to the West. This access will also be available to Forest Service, DNRC, and other wildland fire fighters to access the water from our ponds that has been approved 310 permit by Ron Spoon, FWP.

6. Violation number FAKP0005: damaging any natural feature or other property of the United States. We do not know what Ms. Fisher is referring to. Please ask her to be

4

more specific and we will comply. Some of the properties mentioned in the citations belong to my wife, Carri.

Joseph Robertson

### History of our Relationship with Officers Jackie Fisher and John Janik

In the 50+ years I have owned my properties I have had no trouble with the Forest Service.

I worked for the Forest Service in the 70's in Whitehall after I was discharged from 6+ years of service in the Navy and now started in 2005 we have a type 2 tactical watertender contracted to DNRC and Forest Service. (This was a year after the two fires in one day near our home and property mentioned below.) We have many friends in the Forest Service, FWP, and DNRC and we have had them at our home for barbecues or just stop in for a visit over the years.

The trouble started when I questioned Ms. Fisher and Mr. Janik, Forest Service Law Enforcement, why they never prosecuted Mr. Edward J. Betka, federal felon and suspected arsonist, of theft of Forest Service property on several occasions and other acts of theft. Also forgery of firefighting credentials. Betka has been caught on numerous occasions with motel room full of stolen Forest Service equipment on the fires Betka/Cataract Fire was contracted to put out. See Betka letter enclosed, page 6, paragraph 6. **Please see Exhibit F.**

Mr. Richard Grady retired from DNRC and now inspects firefighting credential and equipment gave Ms. Fisher several documents concerning Mr. Betka's theft of Forest Service equipment on several occasions and other acts of theft and forgery of firefighting credentials. Ms. Fisher's

5

response when presented with this evidence was if it isn't on Forest Service letterhead she wasn't interested.

In 2006 when Mr. Betka, appeared before Judge Malloy in Federal Court in Missoula for a felon in possessions of weapons. (Please see Janik letter to Betka;s attorney). Mr. Janik sent Mr. Betka's attorney, Mr. Smith, a fax from Janik's home exonerating Betka of being a suspect. **Please see Exhibit G.** Ignoring the fact that Mr. Betka located and reported two fires in one day. Betka reported and located the last fire. Mr. Janik failed to mention that Mr. Crosier and ourselves almost lost our homes in the fires of 2000. Mr. Betka is the only one to profit from the above-mentioned fires since he was in his personal firefighting truck, Cataract Fire which is contracted to DNRC and Forest Service when Betka located and reported the second fire of the day. Note! Both fires were within a mile of our home and timbered property.

The second fire that day mentioned above was obvious arson. Forest Service Law Enforcement Officer John Janik was told by Basin Volunteer /Fire Department Fire Chief, Jim Maher, that Mr. Betka was suspected of starting the fire. Mr. Janik failed to post a guard with Mr. Betka. Standard Operating Procedures. Mr. Betka entered the crime scene on several occasions and was told repeatedly to stay out and ultimately contaminated the evidence. Why didn't Mr. Janik file charges against Mr. Betka for interfering with a crime scene, contaminating evidence, etc ,etc.

We have given this information to Jackie Fisher and John Janik's supervisors in Butte and Washington, D.C.

As for the citations issued by Jackie Fisher /John Janik it does appear as a vendetta .Recently we asked Ms. Fisher why she failed to prosecute Mr. Betka for the above mentioned actions. She refused to answer. We also reported Mr. Janik's unprofessional behavior when a few years ago I caught him trespassing on our property at 7:30 p.m. on a Saturday evening without want or warrant. This late night visit almost caught my wife in our outside hot tub. When I mentioned this incident to Ms. Fisher, she stated, Woo Hoo wouldn't that be embarrassing. Very unprofessional comment for someone in law enforcement to make. Mr. Janik also stated he was on our back porch on several occasions over the years when we were not home. He had no want or warrant.

Also the delay of our bridge on our Shamrock property in Bernice. We have been working on the bridge for almost a decade. We were approximately 5 deck planking away from completion when we were shut down by John Janik, Jackie Fisher, and Janet Krivacek. We had a certified engineer certify the bridge. Also we were given a 310 permit by Ron Spoon of FWP before we considered building our bridge. This bridge is located next to Forest Service campground that is often visited by Forest Service personnel. We asked where we could get fill material for the approaches and were directed by these Forest Service personnel and other questions over the years we worked on the bridge and approaches never a mention of a $5,000+ study as demanded by the above-mentioned Janik, Fisher, Krivacek. We have a letter concerning this delay on the bridge, pictures of small children in the ford. We have seen footprints on the uncompleted bridge. A fall from this bridge or the children crossing the ford, being washed down into trees just below the bridge is a real possibility of a fatality. We have been delayed for over 2 years on the completion of this bridge by the above-mentioned gestapo three. Please

call us and we would be happy to show the bridge and other objects of the citations. We need to resolve these very real safety issues. Our group the Helena Veterans Support Unit and Helena Vet Center is unable to safely use our properties..

Joseph Robertson

8