Michael Donahoe
Senior Litigator
FEDERAL DEFENDERS OF MONTANA
50 West 14th Street, Suite 300
Helena, MT 59601
(406) 449-8381
(406) 449-5651(Facsimile)
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH DAVID ROBERTSON,<br>　　　　Defendant. | CR 15-07-H-DWM<br><br><br>**SENTENCING MEMORANDUM** |

## I. INTRODUCTION

COMES NOW the defendant Joseph David Robertson (Robertson), through his undersigned counsel, and in conformity with the Court's scheduling order dated April 7, 2016 (Doc. #205) offers the following memorandum in aid of sentencing.

## II. **OUTSTANDING OBJECTIONS**

There are seven outstanding defense Revised Presentence Report (RPSR) objections. *See* Addendum to RPSR at pages 4-7.

### Objection #1 (RPSR at page 10, ¶30)

Defendant stands on this objection. There is no scientific evidence of any kind that shows actual damage to aquatic habits.

### Objection #2 (RPSR at page 12, ¶38 and ¶40)

¶38 is hypothetical and not based on facts and omits admissions made by Mr. Spoon on cross examination. ¶40 implies settled ownership of the property by Liane Taylor. The quiet title suit brought by defendant however has yet to be resolved.

### Objection #3 (RPSR at page 13, ¶48)

This adjustment is not warranted. There were no flow tests or any science evidence showing dredge and fill downstream. There is no proof of actual environmental contamination which is required for this adjustment. *See* USSG §2Q1.3, Application Note 4.

### Objection #4 (RPSR at pages 13-14, ¶49)

This adjustment is not warranted. There is insufficient proof of damage.

**Objection #5 (RPSR at pages 14-15, ¶60)**

The offenses listed are misdemeanors or infractions and governed by USSG §4A1.2(c). *See United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007) (not all misdemeanors countable under USSG §4A1.2(c)).

**Objection #6 (RPSR at pages 24-25, ¶104-114)**

Defendant objects to this net worth assessment. Real property is not liquid and absent large discounts can't be sold quickly. *United States v. Robers*, 698 F.3d 937 (7th Cir. 2012), *affirmed Robers v. United States*, 134 S.Ct. 1854 (2014). Also the vehicle used for defendant's wife's firefighting business should not be included in defendant's net worth. Especially since defendant's wife recently lost her firefighting contract with the government. Moreover, all property owned by defendant's wife should be excluded from defendant's net worth calculation. Defendant lives close to the poverty line and is a senior citizen.

It does not comport with due process for the government to enact laws bereft of clarity only to turn around and use those laws to strip citizens of substantial vested property rights. *See e.g. Zinermon v. Burch*, 494 U.S. 113, 125-126 (1990) (Due Process Clause guarantees fair procedure); *United States v. Lanier*, 520 U.S. 259, 266 (1997) ("Due Process bars court from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly

disclosed to be within its scope"); *Marks v. United States*, 430 U.S. 188, 191-192 (1977) (Due Process protects against judicial infringement of the "right to fair warning" that certain conduct gives rise to criminal penalties).  *Also see Army Corps of Engineers v. Hawkes Co., Inc.*, 136 S.Ct. 1807, 1816-1817 (2016) (Kennedy, J. *concurring along with* Thomas, J. *and* Alito, J.) ("The [Clean Water] Act . . . continues to raise troubling questions regarding the government's power to cast doubt on the full use and enjoyment of private property throughout the Nation").

**Objection #7 (RPSR at page 31, ¶138)**

There is no statutory authority for a restitution award in this case insofar as Counts I and III are concerned.  *United States v. Randle*, 324 F.3d 550, 555 (7th Cir. 2003) ("federal courts possess no inherent authority to order restitution, and may do so only as explicitly empowered by statute") *quoting United States v. Hensley*, 91 F.3d 274, 276 (1st Cir. 1996).  The RPSR states that the statutory basis for restitution is 18 U.S.C. §3663A. (RPSR ¶138 at page 31).

Under 18 U.S.C. §3556 the Court is limited to awarding restitution "in accordance with" either 18 U.S.C. §3663 or 18 U.S.C. §3663A.  *See* 18 U.S.C. §3556. The former section (§3663) does not apply here because the Title 33 offenses that defendant stands convicted of do not fall within the orbit of §3663's application.  In order to award restitution under §3663 the offense of conviction must arise under

Title 18, Title 21 or Title 49.

Here defendant's convictions on Counts I and III arise under Title 33, which is not listed or mentioned in 18 U.S.C. §3663. Nor does 18 U.S.C. §3663A apply either. It is confined to offenses described in subsection (c)(1) of that statute and Title 33 offenses are not listed there. Moreover, the penalty provision for a violation of Title 33, §1311 states:

**§1319.  Enforcement**

. . . .

**(c)  Criminal Penalties**

**(2)  Knowing violations**

Any person who–

(A)  knowingly violates section 1311, 1312, 1316, 1317, 1318, 1321(b)(3), 1328, or 1345 of this title . . .

shall be punished by a fine of not less than $5,000 nor more than $50,000 per day of violation, or by imprisonment for not more than 3 years, or by both. If a conviction of a person is for a violation committed after a first conviction of such person under this paragraph, punishment shall be by a fine of not more than $100,000 per day of violation, or by imprisonment of not more than 6 years, or by both.

A facial reading of this provision admits of no restitution component. Defendant cannot be ordered to pay restitution on Counts I or III.

\* \* \* \* \* \* \* \*

As for Count II defendant can be ordered to pay restitution but the government's estimate for restitution fails to tease out what that amount is. Furthermore since the last trial of this case defendant has brought it to the undersigned's attention that the illustrative map that the government used at the trial inaccurately shows the location of the ponds relative to the government property which is the subject of Count II. There are only three small ponds on the government's property not eight, as the government claimed at trial. Apparently there was a government survey conducted of the area which shows that only three of the smaller ponds are on government property. Indeed such survey is referenced in the RPSR at page 16, ¶61. We contacted the government about the existence of this survey (*see* Declaration of Investigator Gary Hopkins (ECF No. 230)). But to date have not been furnished a copy of it.

Also the government is way out of time on its duty to provide restitution figures and has thereby waived the right to do so. The probation office timely requested restitution numbers. In the draft PSR it said the restitution amount was $69,287.00 (Draft PSR at ¶138, page 29). The government did not present its revised figures until June 29, 2016. Thus the government's revised figures are well out of time under 18 U.S.C. §3664(d)(1). And, again, the revised amount rests on a report

by Mr. Gillilan dated June 29, 2016, which involves removing all the ponds. Considering that restitution can only be ordered on Count II and that Count II only involves three ponds (two of which defendant has already been punished for, *see below*) the estimates provided are not only tardy and waived they are wrong.

Furthermore in terms of the three ponds on government property two of them have already been litigated by the government in another case. *See* RPSR at page 16, ¶61. The "culvert" discussed in that paragraph is where two of the smaller ponds were constructed. Thus defendant has already been punished for building two of the three ponds on government property. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (double jeopardy clause protects against multiple prosecutions or punishments for same offense), *overruled on other grounds as recognized by Alabama v. Smith*, 490 U.S. 794 (1989).

### III.  CONCLUSION

WHEREFORE, defendant prays the Court will consider this memorandum and use the things in it in aid of sentencing.

Respectfully Submitted July 11, 2016.

      /s/ Michael Donahoe
     MICHAEL DONAHOE
     Senior Litigator
     Counsel for Defendant

# IV. CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on July 11, 2016, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1__ | CM-ECF |
| _____ | Hand Delivery |
| __2__ | Mail |
| _____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

1. Bryan Whittaker
   Assistant U.S. Attorney
   901 Front Street, Suite 1100
   Helena, MT 59626
   Counsel for the United States of America

2. Tucker Hood
   U.S. Probation Officer
   201 East Broadway, lower level
   Missoula, MT 59802

                /s/ Michael Donahoe
                MICHAEL DONAHOE
                Senior Litigator
                Counsel for Defendant